UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINA R. MOSBY-CLARK,

    Plaintiff,

v.

Civil Case No. 17-11751
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S APRIL 2, 2018 REPORT AND RECOMMENDATION [ECF NO. 15]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]**

Plaintiff filed this lawsuit on June 2, 2017, challenging Defendant's final decision denying her application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 12, 14.)

On April 2, 2018, Magistrate Judge Majzoub issued an R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision holding Plaintiff not disabled under the Social Security Act. (ECF No. 15.) Magistrate Judge Majzoub finds substantial evidence in the record to support the administrative law judge's conclusion that Plaintiff can perform light work. Specifically, Magistrate Judge Majzoub concludes that the evidence does not mandate a finding that Plaintiff's degenerative joint disease in her knees limits her ability to walk and/or stand or that her carpal tunnel syndrome requires limitations on her ability to manipulate with her hands. Magistrate Judge Majzoub notes that "[n]one of Plaintiff's physicians recommends functional limitations greater than the 'light work' designation adopted by the ALJ." (*Id*. at Pg ID 473.) Magistrate Judge Majzoub further reasons that the ALJ found Plaintiff less than credible regarding her limitations and that the court's function is not to decide questions of credibility. (*Id*. at Pg ID 469, 474.)

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 474-75.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at Pg ID 474) Plaintiff filed objections on April 12, 2018. (ECF No.

16.) The Commissioner responded to the objections on April 20, 2018. (ECF No. 17.)

## Standard of Review

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## **The ALJ's Decision and the R&R**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

> 1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).
>
> 2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which

4

significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 6, 2013. (A.R. at 25, ECF No. 10-2 at Pg ID 55.) The ALJ found at step two that Plaintiff has the following severe impairment: degenerative joint disease. (*Id*.) The ALJ next analyzed whether Plaintiff's impairment meets any of the listed impairments—specifically Listings 1.02 through 1.06 and 1.08—and determined that they did not. (*Id*. at 27, Pg ID 57.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform unskilled light work with no limitations.[1] (*Id*. at 27-29, Pg ID 57-59.) In reaching this conclusion, the ALJ found that the medical

---

[1] The Social Security Regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967. "Unskilled work" is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968.

evidence of record supports Plaintiff's allegations of right knee pain and carpal tunnel syndrome, but not the intensity of her symptoms or the impact on her functioning. (*Id.* at 28, Pg ID 58.) The ALJ noted that after surgery in March 2014, Plaintiff's treating orthopedic surgeon wrote that Plaintiff reported resolved knee pain. (*Id.*, citing Exs. 2F-3F.) During outpatient physical therapy, Plaintiff showed improvement in her goals and was discharged. (*Id.*) While Plaintiff eventually reported a return of her knee pain and total knee arthroplasty was discussed, surgery did not occur until after the ALJ issued his decision.

The ALJ further noted Plaintiff's carpal tunnel syndrome diagnosis in May 2015, but found minimal indication of treatment and that it was diagnosed as mild to moderate in nature. (*Id.* at 29, Pg ID 59.)

The ALJ concluded that Plaintiff's described daily activities were not limited to the extent expected in light of her complaints of disabling symptoms and limitations and that one would expect to find greater restrictions placed on her by her treating physicians given her allegations. (*Id.* at 29, Pg ID 59.) The ALJ pointed out that the record contains no restrictions recommended by Plaintiff's treating doctor. (*Id.*) The ALJ found Plaintiff not fully credible, based in part on his observations of Plaintiff during her testimony. (*Id.*) The ALJ further relied on the inconsistent information Plaintiff provided her treating physicians, as reflected

7

in the medical records, and the finding that she had consciously violated her narcotics contract. (Id.)

The ALJ then determined that Plaintiff is capable of performing her past relevant work as inspector, cashier, cleaner, and machine feeder. (*Id*. at 29-30, Pg ID 59-60.) The ALJ therefore found Plaintiff not disabled as defined by the Social Security Act. (*Id*. at 30, Pg ID 60.)

As indicated, in her R&R, Magistrate Judge Majzoub finds no error in the ALJ's decision. (*See* ECF No. 15.)

### **Plaintiff's Objections and Analysis**

In her objections to the R&R, Plaintiff raises many of the same arguments asserted in her summary judgment motion regarding her ability to stand and walk, which were rejected by Magistrate Judge Majzoub. (ECF No. 16.)

Specifically, Plaintiff points out that the record confirms she wore a right knee brace, intermittently used a cane, and underwent right knee replacement surgery a month after the administrative hearing. Plaintiff also points to her testimony regarding her inability to stand for more than 20-25 minutes. Plaintiff further refers to notations in the records of her physical therapist and orthopedic surgeon, Dr. Roberts, which she argues support an inability to engage in the standing and walking required for light work. These include indications that

8

Plaintiff experienced a 24% decrease in function and difficulty with certain activities, reported pain of 9/10 in January 2015, and that Dr. Roberts recommended "reduced activity" at that time.

Despite this evidence, as Magistrate Judge Majzoub concluded, there is substantial other evidence in the record to support the ALJ's decision. For one, despite the above, none of Plaintiff's treating physicians recommended functional limitations greater than the RFC finding. Dr. Roberts' indication of "reduced activity" does not speak to Plaintiff's ability to fulfill the requirements of light work. In other words, it is too vague to express that Plaintiff cannot perform the standing or walking required for this job classification. There is no evidence that any of Plaintiff's doctors prescribed use of a cane and Dr. Shah observed in May 2015 that "[a]lthough [Plaintiff] has a cane, she does not ambulate with one." (Tr. 323). The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible and the ALJ provided reasons for reaching that conclusion. As such, Plaintiff's citation to her testimony regarding her limitations does not demonstrate error in the ALJ or Magistrate Judge Majzoub's analysis.

With respect to Plaintiff's knee surgery following the ALJ's decision, this evidence cannot be considered in reviewing the Commissioner's decision. The

Appeals Council denied Plaintiff's request for review despite having this new evidence. (A.R. at 1, 386-90, ECF No. 10-2 at Pg ID 31, ECF No. 10-8 at Pg ID 422-26.) "Where the Appeals Council considers new evidence but declines to review a claimant's application … on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. *Cline v. Comm'r of Soc. Sec'y*, 96 F.3d 146, 148 (6th Cir. 1996).

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Majzoub's R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 14) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager